IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RACHEL HOWELL,<br><br>Plaintiff,<br>v.<br><br>BRANSCOMB ENTERPRISES; and JOHN BRANSCOMB,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>2:24-cv-00854-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Rachel Howell's Motion for Relief from Judgment.[1] For the reasons discussed below, the court DENIES the Motion.

## BACKGROUND AND PROCEDURAL HISTORY

This case involves allegations of employment discrimination by Howell against Defendants John Branscomb and Branscomb Enterprises.[2] Branscomb Enterprises employed Howell from April 2022 until about June 2023.[3] On or about March 29, 2024, Howell filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division and the Equal Employment Opportunity Commission (EEOC).[4] On August 19, 2024, the EEOC issued Howell a Notice of Right to Sue (Right to Sue letter).[5] On November 14, 2024, Howell filed the

[1] Dkt. 23, *Plaintiff's Motion Under Rule 60(b)* (*Motion*).

[2] *See* Dkt. 3, *Verified Complaint* (*Complaint*).

[3] *Id.* ¶¶ 10, 19. The Complaint does not specify an exact end date of her employment, only that after she requested a leave of absence, "her employment with Defendant ended. She does not currently know if Defendant terminated her employment or deemed that she had resigned." *Id.* ¶ 19.

[4] *Id.* ¶ 6.

[5] *Id.* ¶ 8.

Complaint asserting claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), and Utah state law.[6] Defendants failed to timely respond to the Complaint.[7]

On September 29, 2025, the court issued an Order to Show Cause for Howell to inform the court of her intentions to proceed with the case.[8] Following her response to the Order,[9] Howell filed a Motion for Entry of Default on October 6, 2025.[10] The Clerk of the Court entered a Default Certificate two days later.[11]

On December 18, 2025, the court issued a second Order to Show Cause ordering Howell to explain why the case should not be dismissed for failure to prosecute.[12] On January 5, 2026, Howell responded, stating she "fully intends to continue prosecuting the case" and "requests a period of 14 days from today within which to file the contemplated motion for a default judgment."[13] Howell did not file any motion thereafter.[14] On March 4, 2026, the court dismissed the Complaint without prejudice for failure to prosecute.[15]

On March 31, 2026, Howell initiated a separate case before this court bringing the same claims against the same Defendants (the Nielson Case).[16] On June 30, 2026, Defendants filed a

---

[6] *Id.* ¶¶ 25–99.

[7] *See generally docket*.

[8] Dkt. 11. *Order to Show Cause* (*First OSC*).

[9] Dkt. 12, *Plaintiff's Response to Order to Show Cause*.

[10] Dkt. 13, *Plaintiff's Motion for the Clerk to Enter the Default of Defendants*.

[11] Dkt. 14, *Default Certificate*.

[12] Dkt. 17, *Order to Show Cause* (*Second OSC*).

[13] Dkt. 18, *Plaintiff's Response to Order to Show Cause Dated December 18, 2025* at 1, 2.

[14] *See generally docket*.

[15] Dkt. 19, *Order to Dismiss* (*Dismissal Order*).

[16] *Howell v. Branscomb*, No. 2:26-cv-00269-HCN-CMR (D. Utah Mar. 31, 2026), Dkt. 1, *Complaint*.

Motion to Dismiss in the Nielson Case arguing the new action should be dismissed because the Complaint was not filed within 90 days of Howell receiving the Right to Sue letter from the EEOC, as required by Title VII and the ADA.[17] The Motion to Dismiss remains pending.[18]

On August 12, 2026, Howell filed the instant Motion seeking relief from the Dismissal Order and asking the court to reopen the case.[19] On September 10, 2026, Defendants filed an untimely Response.[20]

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 allows courts to relieve a party from a final judgment, order, or proceeding.[21] Rule 60(b)(1) provides for relief for reasons of "mistake, inadvertence, surprise, or excusable neglect."[22] "For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a deadline is attributable to negligence."[23] A court considering whether a party's neglect is excusable must "tak[e] account of all relevant circumstances surrounding the party's omission."[24] In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,[25] the Supreme Court laid out the relevant factors for assessing excusable neglect to include (1) "the danger of prejudice to the

---

[17] *Howell v. Branscomb*, No. 2:26-cv-00269-HCN-CMR (D. Jun. 30, 2026), Dkt. 14, *Motion to Dismiss* at 5–6.

[18] *See Howell v. Branscomb*, No. 2:26-cv-00269-HCN-CMR (D. Utah Mar. 31, 2026), *docket*.

[19] *Motion* at 3–6.

[20] *See* Dkt. 24, *Defendants' Opposition to Plaintiff's Motion under Rule 60(b)* (*Opposition*). Under the District's Local Rules, a response to a motion for relief from judgment must be filed within 14 days of service of the motion. *See* DUCivR 7-1(a)(4)(D)(ii). The Opposition was filed 29 days after service of the Motion. *See Motion* at 7; *Opposition*. Because the Opposition was not filed within the required time period, the court does not consider it.

[21] Fed. R. Civ. P. 60(b).

[22] *Id.* 60(b)(1).

[23] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (citation modified) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).

[24] *Id.* (quoting *Pioneer*, 507 U.S. at 395).

[25] 507 U.S. 380 (1993).

opposing party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."[26] "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[27]

Rule 60(b)(6) allows for relief for "any other reason that justifies" it.[28] Though relief under "the rule should be liberally construed when substantial justice will thus be served," it "is extraordinary and reserved for exceptional circumstances."[29] "[T]he party requesting relief from judgment bears the burden of showing that relief is warranted."[30] Whether to provide relief under the rule is at the court's discretion.[31]

**ANALYSIS**

Howell seeks relief from the Order to Dismiss under Rule 60(b)(1) and (6).[32] Howell argues though the court intended to dismiss the Complaint without prejudice, the end effect was actually a dismissal with prejudice because any new complaint would necessarily be filed more than 90 days after the issuance of the EEOC Right to Sue letter and therefore be barred by Title VII and the ADA's statutes of limitation.[33] Howell further contends that relief from the Order is

---

[26] *Jennings*, 394 F.3d at 856 (citation modified) (quoting *Pioneer*, 507 U.S. at 395).

[27] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[28] Fed. R. Civ. P. 60(b)(6).

[29] *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) (citation modified).

[3030] *Crowe Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023).

[31] *Johnson*, 950 F.3d at 701.

[32] *Motion* at 3–6.

[33] *Id.* at 3–4; *see also* 42 U.S.C. § 2000e-5(f)(1) (allowing a person 90 days to file a complaint for discrimination after receiving a Right to Sue letter).

appropriate considering the reason she did not file a motion for default judgment: she expected the court to issue an additional order responding to her request for 14 days to file the motion.[34] The court considers her arguments under each rule separately and concludes the Motion does not merit relief under either.

## I. Rule 60(b)(1)

The court first considers whether relief is appropriate under Rule 60(b)(1) for excusable neglect. In deciding this question, the court applies the four-factor balancing test to the circumstances presented here.[35]

### *A. Danger of Prejudice to the Opposing Party*

The first factor—whether Defendants are prejudiced by reopening the case—leans in Howell's favor. Howell argues Defendants would not be prejudiced here because "Defendants [now] appear interested in defending against Ms. Howell's claims."[36] The court agrees that Defendants are not prejudiced by reopening the case here. Defendants did not appear in this action despite being served.[37] They consequentially did not expend time nor resources defending their case. They have not relied on the finality of the decision because the Complaint was dismissed without prejudice. Allowing the case to proceed on the merits would afford Defendants the fair opportunity to defend themselves, as opposed to prejudicing them. And should Defendants again decide not to engage in the litigation, they are still free to do so (and be subject to a default judgment). Therefore, this fact lends in favor of reopening.

---

[34] *Motion* at 4–5.

[35] *Jennings*, 394 F.3d at 856.

[36] *Motion* at 5.

[37] *See generally docket*.

*B. Length of Delay and Potential Impact on Judicial Proceedings*

The second factor—the length of the delay and its impact on the judicial proceedings—weighs against reopening the case.[38] In assessing this factor, the court may consider "whether the attorney attempted to correct his action promptly after discovering the mistake."[39] Here, the court dismissed the Complaint on March 4, 2026.[40] Howell subsequently waited over five months before filing the Motion.[41] Such a long wait to seek relief after discovering the mistake strongly indicates the neglect was not excusable. Further, Howell's repeated delays in filing the motion for entry of default, motion for default judgment, and now the instant Motion has extended the judicial proceeding nearly a year and a half since Defendants failed to respond to the Complaint.[42] This significant impact on the expedient resolution of the judicial proceeding leans even more toward inexcusable neglect.

The Motion indicates Howell did not file the Motion earlier because she assumed she could initiate a second action.[43] Indeed, she filed the complaint in the Nielson Case just three weeks after this action was dismissed, and she moved for relief here once she recognized the

[38] *Jennings*, 394 F.3d at 856.

[39] *Id.* at 857.

[40] *Dismissal Order*.

[41] *See Motion*.

[42] *See* Dkt. 7, *Summons in a Civil Action for John Branscomb*; Dkt. 8, *Summons in a Civil Action for Branscomb Enterprises*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring "[a] defendant must serve an answer within 21 days after being served with the summons and complaint").

[43] *See Motion* at 5 ("[T]hinking at the time, that a dismissal without prejudice was really a dismissal without prejudice, Ms. Howell filed a new, second civil action and served it on Defendants. . . . [Defendants filed] a motion to dismiss the second civil action on the ground that the 90-day statute of limitations has run and that a dismissal without prejudice is really a dismissal with prejudice").

statute of limitations barred her second complaint.[44] This reasoning fails. For purposes of establishing excusable neglect, the court measures the length of delay from the entry of judgment, and not from when the consequences of such neglect become apparent.[45] The Dismissal Order—and not the later Motion to Dismiss—put Howell on notice of her mistake, and she should have promptly corrected her error at the earlier point. Holding otherwise would legitimize the conclusion that a party may freely disregard their obligations to vigorously pursue their case as long as they honestly believed that the consequences of not doing so were limited. The court is not prepared to go down that path. Accordingly, the court finds the lengthy delay lends toward a finding of inexcusable neglect.

### *C. Reason for the Delay*

The third factor the court considers is "the reason for the delay, including whether it was within the reasonable control of the movant."[46] Whether the movant is at fault for delay is "perhaps the most important single factor" when "determining whether neglect is excusable."[47] In determining the reasonableness of a mistake, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)."[48] Howell contends her failure to file a motion for default judgment was a reasonable error because (1) while preparing the motion, counsel "encountered some delays in connecting with Ms. Howell[,]" and (2) Howell "was also expecting some kind of decision from the Court

---

[44] *See id.*

[45] *See Torres*, 372 F.3d at 1163 (holding a period of "18 days *after the entry of judgment*" weighed in favor of finding excusable neglect (emphasis added)).

[46] *Jennings*, 394 F.3d at 856.

[47] *Torres*, 372 F.3d at 1163 (citing *City of Chanute*, 31 F.3d at 1046).

[48] *Jennings*, 394 F.3d at 857.

on Ms. Howell's Response to the Order to Show Cause as to whether it would allow Ms. Howell some additional time to file the contemplated Motion for a Default Judgment."[49] The court concludes otherwise.

With regards to the first argument, Howell provides no explanation for why counsel and her were unable to connect and provide the damages information necessary to file the motion for default judgment. Merely alleging unexplained "delays in connecting" provides the court with no means to assess whether the delays were outside "the reasonable control of the movant" or were merely a function of Howell's lackadaisical approach to the litigation.[50] Further, once it became apparent to counsel that his difficulties communicating with his client may prevent him from filing the motion for default judgment within the represented two weeks, Howell should have filed a status update informing the court of the delays and seeking more time. Howell failed to do so.[51] Without anything more to assess the reasonableness of Howell's inability to communicate with counsel, the court can only conclude she was at fault for her neglect.

Howell's second argument—that she was expecting the court to issue an order addressing her request for two additional weeks to file the motion for default judgment—fairs no better. The court need not respond to a response to an order to show cause.[52] Howell was free to file a motion for default judgment at any point after the Response to the Second Order to Show Cause. And even if she did expect the court to issue a response granting or denying her request for 14

---

[49] *Motion* at 4–5 (citation modified).

[50] *See Jennings*, 394 F.3d at 856.

[51] *See generally docket*.

[52] *See In re Martin*, 229 F.3d 1164 (10th Cir. 2000) (unpublished table decision) (holding "when a court imposes sanctions sua sponte, 'due process is satisfied by issuance of an order to show cause why a sanction should not be imposed and by providing a reasonable opportunity for filing a response.' After considering the reasons the attorney proffers to justify his actions, the court *may* enter an order memorializing its decision to reject or impose sanctions." (emphasis added) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir. 1987))).

days to file the motion, Howell had more than sufficient time to seek clarification from the court after it became apparent the court had not responded to the request. Yet in the eight weeks following her Response, Howell made no such inquiry.[53]

Over the course of this litigation, Howell has demonstrated a pattern of dilatoriness in pursuing her case that resulted in two separate Orders to Show Cause and ultimately a dismissal for failure to prosecute. Considering the Motion in light of this history, the court concludes that reason for delay falls squarely with Howell.

### *D. Good Faith*

The last factor to consider is whether Howell acted in good faith.[54] Based on the information presented in the Motion, the court has no grounds to conclude Howell's failure to prosecute the case was done in bad faith. This lends in favor of granting the Motion. However, considering the factors altogether—and especially Howell's own fault in failing to prosecute her case—the court concludes Howell's neglect was inexcusable. Accordingly, the court denies relief under Rule 60(b)(1).

## II. Rule 60(b)(6)

Having found that Howell is not entitled to relief under Rule 60(b)(1), the court now turns to whether relief is appropriate under Rule 60(b)(6). Under the Rule, a court may relieve a party from a judgment for "any other reason that justifies relief."[55] Despite the Rule's broad language, relief under it "is extraordinary and reserved for exceptional circumstances."[56] Rule

---

[53] *See generally docket*.

[54] *Jennings*, 394 F.3d at 856.

[55] Fed. R. Civ. P. 60(b)(6).

[56] *Johnson*, 950 F.3d at 701.

60(b)(6) relief "is appropriate only 'when it offends justice to deny such relief.'"[57] The Tenth Circuit has found "such extraordinary circumstances to exist, when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[58]

Howell argues relief under the rule is appropriate because of the unique circumstances preventing her from refiling her Complaint.[59] Due to Title VII and the ADA's requirement that a complaint be filed within 90 days of receipt of the EEOC Right to Sue letter, Howell likely cannot further pursue her claims despite the court's intention to dismiss the Complaint without prejudice.[60]

While the court is sympathetic to Howell's predicament, the circumstances here do not meet the exceptional standards necessary for relief under Rule 60(b)(6). The presence of Title VII and the ADA's timing requirements were not new or unexpected events which make enforcing the judgment inequitable, even if Howell did not previously contemplate the statutes of limitation barring her from refiling her complaint. Howell's failure to recognize the implications of such requirements when she neglected to prosecute her case does not rise to the extraordinary and exceptional situation for which relief under Rule 60(b)(6) is intended. Accordingly, the court denies her Motion under this Rule as well.

---

[57] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)).

[58] *See Cashner*, 98 F.3d at 579.

[59] *Motion* at 3–4.

[60] *Id.*

## CONCLUSION

For the reasons explained above, the court DENIES the Motion.[61]

SO ORDERED this 14th day of September, 2026.

BY THE COURT:

__________________________________

ROBERT J. SHELBY
United States District Judge

[61] Dkt. 23.